HARRIS, Judge.
Rebuffed by Anita Brown, Raymond Con-over slipped into her home and shut himself in with her. As members of Anita’s family tried to intervene, Anita fled from the house and ran toward her neighbor’s house. After shooting Anita’s brother twice, Conover pursued her and, when she was unable to enter her neighbor’s house, shot her. She fell to the ground. He then fired two more shots into her, at one time placing the gun to her head. When Anita’s son, Mark, pled with him, Conover said he wanted to kill her. *313 Conover touched the gun to Mark’s ribs. When Anita’s mother asked Conover to leave Anita alone because she was already dead, Conover responded: “That bitch ain’t dead. She should be. I’m going to kill her. She can’t talk to me? Who does she think she is?” Conover was charged with premeditated murder, attempted first-degree murder, aggravated assault with a firearm, and burglary with an assault or battery while carrying a firearm. He was convicted on the charges of premeditated murder and armed burglary. He was also convicted on the lesser included offenses of attempted second-degree murder and improper exhibition of a firearm. Conover was sentenced to life for the murder, 118.25 months on the noncapital felonies and time served on the misdemean- or. Conover appeals; we affirm.
Conover first argues that the trial court erred in not permitting him to show that the victim had a history of drug abuse and that she had cocaine metabolites in her blood at the time of her death. He attempts to justify the admissibility of this evidence because it would somehow go “to show Con-over’s state of mind at the time of the offense.” Conover’s defense was that he was responding to emotion rather than calculation. But there is no explanation as to how Anita’s drug problem struck an emotional chord in him. Further, the fact that one is acting on emotions does not foreclose premeditation. Anger or fear — both emotions— may explain, rather than eliminate, the fact of premeditation. While Conover followed Anita to the neighbor’s house, he had ample time to “fully form a conscious purpose to kill” her. His statement to her son that he wanted to kill her, and to her mother that Anita should be dead and that he was going to see that she was, is sufficient evidence in the record to sustain the jury decision that Conover had, in fact, formed such intent.
Conover next argues that the trial court erred in permitting Anita’s mother to testify that the Monday before the killing Conover told her that had he found Anita on a particular day when she was supposed to be in school [drug treatment class], he would have killed her. Because this threat was so close in time to the murder, we agree with the trial court that it was relevant to Con-over’s intent. Under the facts of this case, however, even if admitting the testimony was error, it was harmless. Conover’s actions on the day of the murder — his carrying a firearm to the scene, his pursuit of the victim, the multiple shots and his statements to Anita’s mother and son — are sufficiently incriminating to eliminate any possibility that the judgment would have been different even if the challenged testimony had not been received.
Finally, Conover argues that his conviction of the lesser included offense of improper exhibition of a firearm, instead of the charged offense of aggravated assault with a firearm, means that the jury found that an “assault” did not occur. He therefore insists that the assault element of burglary with an assault was not proved. But he was found guilty only of armed burglary. Certainly Mark Brown’s testimony that Con-over entered the house uninvited, brandished a gun and pointed it at him causing him to fear for his life is sufficient to establish this conviction. And when Conover, after shooting Anita, touched the gun to Mark’s ribs, at least an improper exhibition of a firearm was established.
AFFIRMED.
PETERSON, C.J., and DAUKSCH, J., concur.